**\*\* E-filed July 14, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT DOMNIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAXON MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-10, inclusive,<br><br>　　　　Defendants.<br>_____/ | No. C10-02361 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket Nos. 6 & 7]** |

Plaintiff Scott Domnie ("Domnie") sought to modify his home mortgage loan with defendant Saxon Mortgage Services, Inc. ("Saxon"). When his efforts failed, Domnie sued Saxon and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") in state court alleging breach of contract, fraud, negligence, intentional tort, "Deceptive Practices 17200," and violations of the California Foreclosure Prevention Act ("CFPA"), and seeking declaratory and injunctive relief. (Docket No. 1, Ex. A ("Complaint").) Defendants timely removed the case to federal court and thereafter filed motions to dismiss and to strike portions of Domnie's complaint. (Docket Nos. 1, 6 & 7.) Domnie has not filed an opposition to either motion. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the July 20, 2010 hearing is vacated.

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007). Yet only plausible claims for relief with survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences draw from them must be construed in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001).

**DISCUSSION**

Defendants' argument in favor of dismissal is that Domnie's complaint utterly fails to meet federal pleading standards, and a review of Domnie's complaint confirms their contention. For example, Domnie's claim for breach of contract alleges that he and his wife entered into an implied agreement with Defendants which required them to make "good faith and reasonable efforts" to

1 modify the loan (Complaint at 3), but he fails to allege the conduct that allegedly created such an
2 implied agreement. *See* CAL. CIV. CODE § 1621 ("An implied contract is one, the existence and
3 terms of which are manifested by conduct."). Likewise, his fraud claim alleges that Defendants
4 made representations as to their authority to modify the loan and promised that diligent efforts
5 would be made to do so (Complaint at 4-5), but he fails to allege what was said, when it was said, or
6 how exactly he was misled. *See* FED. R. CIV. P. 9(b) (requiring fraud to be pled with particularity).
7 And his complaint fails to set forth any facts whatsoever supporting his claims for intentional tort or
8 "deceptive practices 17200."

9   Domnie's negligence claim alleges that Defendants had a duty to modify their loan and
10 breached that duty when they did not do so. (Complaint at 6.) But lenders and loan servicers
11 generally do not owe a legal duty to their borrowers. *See Shepherd v. Amer. Home Mortg. Servs.,*
12 *Inc.*, No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. 2009); *Nymark v. Heart*
13 *Fed. Sav. & Loan Ass'n.*, 231 Cal.App.3d 1089, 1096 (1991). And the authority cited by Domnie —
14 the CFPA and the Making Home Affordable Program[1] — do not place a duty upon Defendants to
15 provide a loan modification. *See* CAL. CIV. CODE § 2923.52 et seq.; *Williams v. Geithner*, No. 09-
16 1959 ADM/JJG, 2009 WL 3757380, at *6 (D.Minn. 2009).

17   Domnie's CFPA claim also fails. He claims that Defendants violated the CFPA because
18 they "miscalculated the homeowners['] income" and "acted maliciously during the foreclosure and
19 modification period because it lacks standing to foreclose and authority to modify the loan."
20 (Complaint at 11.) The CFPA, though, modifies the foreclosure process to provide additional time
21 for all parties to pursue a loan modification to prevent foreclosure of loans meeting certain criteria;
22 it does not speak to Domnie's contentions of miscalculation of a homeowner's income or malicious
23 actions during foreclosure or loan modification periods. *See* CAL. CIV. CODE § 2923.52 *et seq*.

---

[1] In October 2008, Congress passed the Emergency Economic Stabilization Act ("EESA"). 12 U.S.C. § 5201. The EESA allocated money to the U.S. Department of the Treasury ("Treasury") to restore liquidity and stability to the financial system and also established the Troubled Asset Relief Program, which was intended to reduce foreclosures. 12 U.S.C. §§ 5211 & 5225. Enabled with this authority, Treasury, the Federal Housing Finance Agency, Fannie Mae, and Freddie Mac created the Making Home Affordable Program, which consists of two components: (1) the Home Affordable Refinance Program, and (2) the Home Affordable Modification Program (the "HAMP"). The HAMP is aimed to financially assist homeowners who have defaulted on their mortgages or who are in imminent risk of default by reducing monthly payments to sustainable levels. *See Williams v. Geithner*, No. 09-1959 ADM/JJG, 2009 WL 3757380, at *1-2 (D.Minn. 2009).

Finally, Domnie's claims for declaratory and injunctive relief fail, too. He claims that a "controversy currently exists between the parties" concerning the "validity and enforceability of the foreclosure" on Domnie's property. Domnie contends that "the scheduled trustee's sale was improperly noticed pursuant to California Civil Code [§] 2923.5." (Complaint at 13.) Nowhere in the complaint, though, does Domnie allege any facts about the purported improper notice. For example, he does not identify when a notice of default was provided, or when the trustee's sale was noticed and how it was improper.

For these reasons, Domnie's complaint fails to state a claim upon which relief can be given and thus should be dismissed. FED. R. CIV. P. 12(b)(6).

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly-assigned district court judge dismiss this action without prejudice, allow Domnie to file a First Amended Complaint within 14 days of the order dismissing the action, and deny as moot Defendants' motion to strike.

**IT IS SO ORDERED.**

Dated: July 14, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C10-02361 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Alice Marie Dostalova | amdostalova@wolfewyman.com, lcwhite@wolfewyman.com |
| Jonathan Fried | jon.fried@yahoo.com |
| Kimberly Ann Paese | kapaese@wolfewyman.com, crgonzales@wolfewyman.com |
| Stuart Bruce Wolfe | sbwolfe@wolfewyman.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**